IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Jeffrey Luvern Davis, Sr., *Individually and as Personal Representative of the Estate of Heather Leighann Davis Carter*,<br><br>Plaintiff,<br><br>vs.<br><br>Aiken County Sheriff's Office; Southern Health Partners, Inc.,<br><br>Defendants. | Civil Action No. 8:24-cv-3712-CMC<br><br>**ORDER** |

Plaintiff Jeffrey Luvern Davis, Sr., Individually and as Personal Representative of the Estate of Heather Leighann Davis Carter, ("Plaintiff") brings this action against Aiken County Sheriff's Office ("ACSO") and Southern Health Partners, Inc. ("SHP") (collectively "Defendants"), alleging constitutional violations under the Fourth, Eighth, and Fourteenth Amendments for Heather Leighann Davis Carter's ("Carter") death while incarcerated at Aiken County, as well as state law claims for negligence/gross negligence. ECF No. 1-1.[1] Plaintiff's case was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2).

This matter is before the court on motions for summary judgment by SHP (ECF No. 64) and ACSO (ECF No. 78), and Plaintiff's motion to remand (ECF No. 89). All motions were fully briefed. On January 7, 2026, the Magistrate Judge entered a Report and Recommendation

---

[1] Plaintiff initially filed this action in state court, and it was removed to this court by Defendants.

("Report") recommending the court dismiss Plaintiff's § 1983 claim and decline to exercise supplemental jurisdiction over the state law claims. This matter is now ripe for resolution.

## BACKGROUND

On July 19, 2021, Plaintiff's Decedent, Carter, was arrested and booked into the Aiken County Detention Center ("ACDC"). On the morning of July 29, 2021, while still at ACDC on suicide watch, Decedent hanged herself in her cell. ECF No. 1-1 at 9. She died several hours later, and her death was ruled a suicide.

Aiken County Sheriff's Office provides law enforcement and detention services for Aiken County, South Carolina, including operating and managing ACDC. *Id.* at 5. SHP contracts to provide medical services at ACDC. *Id.* Plaintiff alleges Carter's constitutional rights were violated by ACSO when she hanged herself at ACDC, and both ACSO and SHP were negligent and grossly negligent which led to Carter's fatal injuries. *Id.* at 11-12.

On May 28, 2025, SHP filed a motion for summary judgment, contending it was contracted to provide medical care, not mental health care, to the inmates at ACDC. ECF No. 64-1. It also argued SHP contractors or employees did not breach any standard of care. *Id.* at 2. Plaintiff responded, arguing a SHP nurse conducted an evaluation and completed a History and Physical form, which evaluated physical and mental health concerns of newly arrived inmates. Carter's History and Physical form included mental health concerns such as depression, prior mental health hospitalizations, prior suicide attempts, and daily methamphetamine use. ECF No. 68 at 1-2. SHP replied, arguing it did not form a nurse-patient relationship with Carter for mental health treatment and did not owe her a duty. ECF No. 71.

2

ACSO filed a motion for summary judgment on September 5, 2025. ECF No. 78. It argues ACSO is not amenable to suit as there is no such entity as Aiken County Sheriff's Office, and the proper defendant should be the Aiken County Sheriff in his official capacity. It also contends the Sheriff is not a person amenable to suit under § 1983, and the Sheriff was not personally involved with these events. Finally, it submits there is no evidence of gross negligence on the part of ACDC officers.

Plaintiff does not oppose ACSO's motion as to the § 1983 claim, and acknowledges that claim "is due to be dismissed on summary judgment, leaving only Plaintiff's state law negligence claim[s] against ACSO and the pending motion for summary judgment filed by SHP for the Court's determination." ECF No. 83 at 9. However, he contends there is a genuine issue of material fact as to his negligence/gross negligence claims, and requests those claims be remanded to state court. *Id.* at 13; 22. On reply, ACSO opposes remand, and requests the court enter summary judgment in its favor as to all claims. ECF No. 88. Plaintiff filed a sur-reply. ECF No. 101.

Plaintiff also filed a motion to remand. ECF No. 89. He asserts once his § 1983 claim is dismissed, which he does not oppose, the state law negligence claims will predominate. *Id.* at 11. He contends resolution of the negligence claims "involve novel issues including the interpretation of a South Carolina statute on which there is no South Carolina precedent." *Id.* He submits there are genuine issues of material fact regarding the negligence claims that preclude summary judgment. *Id.* at 13.

3

Both ACSO and SHP filed responses in opposition to the motion to remand. ECF Nos. 94, 95. They request the court retain supplemental jurisdiction over the state law claims and resolve the motions for summary judgment. Plaintiff filed a reply in support of remand. ECF No. 96.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court is required to review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). And a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In ruling on a motion for summary judgment, the court views "all facts and reasonable inferences

4

in the light most favorable to the nonmoving party." *Ballengee v. CBS Broad., Inc.*, 968 F.3d 344, 349 (4th Cir. 2020).

The moving party bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party does so, the burden shifts to the nonmoving party to "go beyond the pleadings" and come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 324. To withstand summary judgment, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

## DISCUSSION

The Magistrate Judge recommends granting summary judgment to ACSO on the § 1983 claim, as Plaintiff has no opposition to the dismissal of that claim. ECF No. 103 at 5-6. In addition, "after carefully balancing the applicable factors," the Report recommends granting Plaintiff's motion to remand because the state law claims "present quintessential state law questions best reserved for a state court to decide." *Id.* at 12. Accordingly, the Report recommends this court decline to exercise supplemental jurisdiction over the state law claims and remand them to the Aiken County Court of Common Pleas. *Id.* at 13.

SHP filed objections to the Report, arguing the Report conflates claims against it with claims against ACSO, and SHP is entitled to summary judgment because it was not contracted to provide mental health services at ACDC. ECF No. 105 at 3, 5. It contends the Report improperly

5

weighed the factors for remand, and requests the court decline to remand the state law claims. Plaintiff responded, arguing SHP's objections are "either irrelevant to the discretionary factors used to determine supplemental jurisdiction . . . or fail to convincingly demonstrate how issues of federal policy, comity, and considerations of judicial economy would be offended by the remand of this action." ECF No. 106 at 1.

1. *Federal § 1983 Claim against ACSO*

No party filed objections to the recommended dismissal of Plaintiff's § 1983 claim against ACSO. Accordingly, the court has reviewed this portion of the Report for clear error and, finding none, adopts the Report as to the § 1983 claim. ACSO's motion for summary judgment is granted as to the § 1983 claim, and it is dismissed with prejudice.

2. *State Law Claims*

ACSO did not file objections, and so does not object to the Report's recommendation the negligence/gross negligence claims against it be remanded to state court for resolution. Accordingly, the court has reviewed that portion of the Report for clear error and, finding none, adopts the Report as to the negligence/gross negligence claims against ACSO. Plaintiff's motion to remand is granted as to the negligence/gross negligence claims against ACSO.

SHP did file objections to remand of the negligence/gross negligence claims against it. SHP first objects to the Report, arguing it improperly conflates Plaintiff's claims against ACSO with the claims against SHP. ECF No. 105 at 3. It notes Plaintiff does not mention SHP's motion for summary judgment in his motion to remand or explain why the claims against SHP should be remanded, but instead focuses on his claims against ACSO, and the Report did the same. *Id.* at 3-

6

4. He contends the Report's conclusion, that Plaintiff's claims present quintessential state law questions best reserved for a state to decide, deal with allegations not relevant to the claims against SHP. *Id.* at 4. SHP contends the Report relies only on ACSO's motion for summary judgment in recommending the court decline to exercise supplemental jurisdiction over Plaintiff's claims. *Id.* at 5.

Next, SHP argues it is entitled to summary judgment "on the narrow grounds that a separate provider was contracted to provide mental health services and did provide those services at the detention center." *Id.* at 5. It asks the court to rule on its motion for summary judgment on the merits instead of declining to exercise supplemental jurisdiction.

Finally, SHP disagrees with the Report's analysis of the *Shanaghan* factors to determine whether to remand. *Id.* at 8. It contends Plaintiff's claims against it are "based on well-defined South Carolina law that do not 'present quintessential state law questions best reserved for the state to decide.'" *Id.* It asserts assessing the merits of its motion for summary judgment would require a contract analysis, not an analysis of state or local policies or law. *Id.* at 9. As for judicial economy, SHP argues the parties would be prejudiced if required to litigate before a state court at this stage of the litigation, such that judicial economy does not justify declining to exercise jurisdiction. *Id.* at 9-10. SHP also contends convenience and fairness weigh against remand as "the timing of such a remand is inconvenient and unfair to SHP" because its motion for summary judgment was filed prior to the deadline in this court, and Plaintiff's motion to remand was filed later. *Id.* at 10-11. It submits "being forced to start over and re-file its summary judgment motion

in state court, brief the motion, and wait, again, for adjudication of Plaintiff's meritless claim" would not be fair to SHP. *Id.* at 11.

Plaintiff responded to SHP's objections, arguing his claims against SHP implicate a novel impression of South Carolina law: "whether ACSO as a government entity was permitted to delegate certain duties in the care and custody of incarcerated individuals such as decedent to independent contractors such as SHP." ECF No. 106 at 4. He contends the state law claims against both Defendants should be decided together. Plaintiff submits SHP is essentially asking the court to sever the state law negligence claims against SHP and ACSO, which he asserts would be inappropriate under Federal Rule of Civil Procedure 21. *Id.* at 5. Finally, Plaintiff asserts SHP has not demonstrated beyond conclusory argument that it will suffer unfairness, prejudice, or waste if the case is remanded to state court. *Id.* at 6.

The court disagrees the Report failed to consider SHP's motion for summary judgment or the negligence/gross negligence claims against it, only focusing on the claims against ACSO. The Report addressed SHP's arguments against remand at the summary judgment stage. ECF No. 103 at 10. It also reviewed SHP's argument that Plaintiff's "tactics are manipulative" and found they were not. *Id.* at 11. The Report analyzed the factors applicable to remand and recommended the court decline to exercise supplemental jurisdiction. *Id.* at 12. It is true the Report did not analyze the merits of SHP's motion for summary judgment. However, it thoroughly analyzed Plaintiff's motion to remand and, finding it should be granted, need not have analyzed the merits of SHP's claims.

A district court "may decline to exercise supplemental jurisdiction when it has dismissed all claims over which it has original jurisdiction." *Henderson v. Harmon*, 102 F.4th 242, 251 (4th Cir. 2024) (citing 28 U.S.C. § 1367(c)); *see also Carlsbad Tech., Inc., v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."). "Generally, when a district court dismisses all federal claims in the early stages of litigation – e.g., at the summary judgment stage – it should decline to exercise jurisdiction over any remaining pendent state law claims." *Henderson,* 102 F.4th at 251*; see also Rodriguez v. FastMed Urgent Care, P.C.,* 741 F. Supp. 3d 352, 364 (E.D.N.C. 2024) ("Eliminating all federal claims before trial generally suffices for a federal court to decline supplemental jurisdiction over pendent state-law claims."). The factors for a district court to consider when determining whether or not to retain jurisdiction when only state law claims remain are convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy. *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995).

Here, the Magistrate Judge found Plaintiff's negligence/gross negligence claims against ACSO and SHP "significantly implicates state and local policies, including policies at ACDC and the Minimum standards for Local Detention Centers in South Carolina." ECF No. 103 at 8-9. He also concluded remand would not result in a waste of judicial resources, as the court has not assessed the merits of Plaintiff's state law claims. *Id.* at 10. Only minor changes would be necessary to submit the parties' summary judgment filings to the state court. *Id.* at 11. Convenience and fairness also favor declining supplemental jurisdiction because of the parties' ties to the Aiken

9

area. Plaintiff initially filed his lawsuit in Aiken County, and the underlying conduct took place there. The Report also found "it would be more appropriate for this trial to occur in a state court" if it were to proceed to that stage. *Id.* Accordingly, the Report found comity principles, judicial economy, convenience, and fairness factors weigh in favor of declining to exercise supplemental jurisdiction over Plaintiff's state law claims for negligence/gross negligence.

The court agrees, and declines to exercise supplemental jurisdiction over Plaintiff's state law claims against ACSO and SHP. The court has already determined claims against ACSO will proceed in state court after ACSO did not object to the recommendation, and sees no reason why the claims should be split or severed.[2] These claims were originally filed in state court, and involve issues of state law that predominate now that the federal claim has been dismissed, as there are no underlying issues of federal policy. *See Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir. 2011) ("[S]tate law claims predominate over the non-existent federal claims"). These state law issues, perhaps novel, are ones which the state court is better left to resolve. Although Defendants may have to refile their summary judgment motions in state court, the briefing will not result in significantly more work. In addition, judicial economy favors remand as this court has not considered the summary judgment briefing on the state court claims.

---

[2] Although SHP argues it only provided medical services to inmates at ACDC, not mental health services, SHP acknowledges at least one of its nurses interacted with Decedent prior to her death. See ECF No. 64-1 at 9-10. This may raise issues of fact that would need to be evaluated on summary judgment.

10

Accordingly, the court finds comity, judicial economy, and lack of issues of federal policy weigh in favor of declining to exercise jurisdiction over the remaining state law claims. *Rodriguez*, 741 F. Supp. 3d at 364 ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims."). Although SHP argues convenience and fairness to the parties favor retaining jurisdiction over the claims against it, the court finds this factor to be neutral as remanding to state court will not require significant further work at the summary judgment stage. Overall, the balance of factors favors remand. Therefore, the court overrules SHP's objections.

11

# CONCLUSION

After a *de novo* review of the record in this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, SHP's objections, and Plaintiff's reply, the court agrees with the conclusions of the Magistrate Judge. The court therefore adopts and incorporates the Report and Recommendation by reference in this Order. ACSO's motion for summary judgment (ECF No. 78) is granted in part as to Plaintiff's § 1983 claim, and Plaintiff's motion to remand (ECF No. 89) is granted as to the remaining state law claims, as the court declines to exercise supplemental jurisdiction over them. SHP's motion for summary judgment (ECF No. 64) is moot. Plaintiff's § 1983 claim is dismissed with prejudice, and the state law negligence/gross negligence claims against ACSO and SHP are remanded to the Aiken County Court of Common Pleas.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
February 17, 2026